**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00482-CR**
_____

**MARY GENEVIVE BOND, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause No. F22-40508

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, Appellant Mary Genevive Bond ("Bond") pleaded guilty to the state jail felony offense of fraudulent use of identifying information. *See* Tex. Penal Code Ann. § 32.51(b)(1), (c)(1). The trial court found Bond guilty and assessed her punishment at two years in state jail and ordered her to pay restitution but suspended the confinement portion of Bond's

sentence and placed her on community supervision for five years, with express conditions.

Subsequently, prior to the expiration of the term of community supervision, the State filed motions to revoke Bond's community supervision. At the hearing on the State's second amended motion, Bond pleaded "true" to violating certain terms of her community supervision order, and after hearing evidence, the trial court found that Bond had violated the terms of her community supervision. The trial court revoked Bond's community supervision and sentenced her to two years in state jail.

On appeal, Bond's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 3, 2026, we notified Bond of her right to file a pro se brief and notified her of the deadline for doing so, but we received no response from Bond.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that arguably would support the appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it

considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's judgment.[1]

AFFIRMED.

JAY WRIGHT
Justice

Submitted on May 18, 2026
Opinion Delivered May 27, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Bond may challenge our decision in this case by filing a petition of discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68.